UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CIVIL DIVISION

**TIFFANI BRAZELL,**

    **Plaintiff**

vs.                                                                             Case No.

**HILLSBOROUGH COUNTY BOARD
OF COUNTY COMMISSIONERS,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **TIFFANI BRAZELL** ("Plaintiff"), by and through the undersigned, hereby sues Defendant **HILLSBOROUGH COUNTY BOARD OF COUNTY COMMISSIONERS** ("Defendant") and alleges as follows:

### INTRODUCTION

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Civil Rights Act of 1992, §760.01, *et seq.*, Fla. Stat. ("FCRA") by an employee who was the victim of sexual harassment by her supervisor and was then terminated by the Defendant because of her sex and because she engaged in protective activity.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim because Plaintiff was discharged from employment in violation of Title VII and the FCRA, seeks damages of more than $15,000, and all administrative prerequisites have been exhausted or excused and this claim is based under a federal law for the purposes 28 U.S.C. §1331.

3. Venue is proper in the Court because all facts material to all claims set forth herein occurred in Hillsborough County, Florida.

## PARTIES

4. At all times material to this action, Defendant was the county government for Hillsborough County, Florida.

5. At all times material to this action, Plaintiff was an employee of Defendant pursuant to the terms of all applicable statutes and Defendant was the employer of Plaintiff pursuant to the terms of all applicable statutes.

## GENERAL ALLEGATIONS

6. Plaintiff began her employment as a Recreation Leader for Defendant on or about January 2016.

7. Beginning in August 2017, Plaintiff was the victim of sexual harassment by her supervisor who made comments and gestures of a graphic and sexually explicit nature to her through text messages, phone calls and in person on a daily basis.

8. In September 2017, Plaintiff complained about the sexual harassment to Defendant's human resources department.

9. Defendant undertook an investigation and on or about March 22, 2018, issued an Investigations Case Report finding that Plaintiff's supervisor had violated Defendant's policy on sexual harassment and employee conduct.

10. Defendant did not inform Plaintiff of the outcome of the investigation and did not take appropriate disciplinary action against the former supervisor.

11. Plaintiff only learned of the outcome of the investigation into her sexual harassment claim against her supervisor after Plaintiff encountered her former supervisor at a training and learned that he was still working for Defendant.

12. In August 2018, Plaintiff complained to Defendant's human resources department about the inadequate investigation and failure to appropriately discipline the harasser and requested that the Defendant review the prior inadequate investigation.

13. Effective November 12, 2018 through November 11, 2019, Plaintiff's driving privileges were restricted to "business purposes only" which means the driving privilege was limited to any driving necessary to maintain livelihood, including driving to and from work, necessary on-the-job driving, driving for educational purposes, and driving for church and for medical purposes.

14. In November 2018, Plaintiff timely advised Defendant that her driving privileges had been restricted to business purposes only.

15. After her driving privileges were restricted to business purposes only, Plaintiff continued to work for Defendant performing all of her same job duties and responsibilities.

16. Plaintiff kept her supervisor appropriately advised regarding the status of driving privileges.

17. On or about August 5, 2019, Defendant's human resources professionals presented Plaintiff with a document entitled "Full and Complete Waiver and Release of Liability" which purported to waive her rights under a number of laws, including but not limited to Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

18. Plaintiff was told that if she did not sign the release, Plaintiff would be terminated but if Plaintiff signed the release Plaintiff would be able to continue to work for Defendant.

19. On or about August 12, 2019, Plaintiff advised Defendant that Plaintiff would not sign the Full and Complete Waiver and Release of Liability.

20. On or about September 9, 2019, Plaintiff again informed the Defendant that Plaintiff was being treated differently from other employees because of her sex and because Plaintiff had previously complained about sexual harassment by her supervisor and the Defendant's failure to address her prior complaints of sexual harassment.

21. Plaintiff also informed Defendant that Plaintiff was being targeted for termination because of her sex and because Plaintiff had previously complained about sexual harassment by her supervisor and the Defendant's failure to address her prior complaints of sexual harassment.

22. On or about September 18, 2019, Plaintiff was again presented with a document entitled "Full and Complete Waiver and Release of Liability" which purported to waive her rights under a number of laws, including but not limited to Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. Plaintiff was again told that if Plaintiff did not sign this release, Plaintiff would be terminated but if Plaintiff signed the release Plaintiff would be able to continue to work for Defendant.

23. Because Plaintiff refused to execute the document entitled "Full and Complete Waiver and Release of Liability" which purported to waive her rights under a number of laws, including but not limited to Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act, her employment was terminated effective September 20, 2019.

24. Defendant may claim that Plaintiff was terminated because they claim her driving privileges were suspended for a driving under the influence charge, however, as Plaintiff advised the Defendant, Plaintiff was not convicted of a driving under the influence DUI.

25. Further Plaintiff was not required to operate a vehicle for her job.

26. In addition, Defendant allowed Plaintiff to do her job for more than nine months with driving privileges which were restricted to business purposes only, and Defendant would have continued to allow Plaintiff to do her job if Plaintiff was willing to waive her rights under a number of laws, including but not limited to Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

27. There are a number of similarly situated male employees who were convicted of driving under the influence who were not terminated by the Defendant because of their gender.

28. Plaintiff has been discriminated against by Defendant because of her sex and in relation for protected activity, because Plaintiff was the victim of sexual harassment, because Plaintiff participated in the investigation of her sexual harassment complaint, and because Plaintiff objected to Defendant's failure to adequately address her sexual harassment complaint in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

29. Unfortunately, Defendant has a policy or practice of discriminating against female employees and treating them differently due to their sex and retaliating against employees who complain about sexual harassment.

30. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission.

31. Plaintiff has received a Notice of Right to Sue and this lawsuit is being filed within ninety days of the issuance of that notice.

32. All administrative notice requirements and prerequisites have been satisfied.

33. Plaintiff has retained the services of the undersigned attorneys and is obligated to pay the undersigned a reasonable fee for their services.

## COUNT I
## UNLAWFUL DISCRIMINATION UNDER TITLE VII

34. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 33 as if fully stated herein.

35. The actions of Defendant as detailed above are a violation of Title VII in that Defendant discriminated against Plaintiff because of her sex.

WHEREFORE, Plaintiff prays that judgment be entered in Plaintiff's favor and against Defendant and that the Court award: back pay; front pay; compensatory damages; pre and post judgment interest; reinstatement; punitive damages; reasonable costs and attorneys' fees; and all other relief that the Court or the Jury determines to be just and proper.

## COUNT II
## UNLAWFUL DISCRIMINATION UNDER THE FCRA

36. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 33 as if fully stated herein.

37. The actions of Defendant as detailed above are a violation of the FCRA in that Defendant discriminated against Plaintiff because of her sex.

WHEREFORE, Plaintiff prays that judgment be entered in Plaintiff's favor and against Defendant and that the Court award: back pay; front pay; compensatory damages; pre and post judgment interest; reinstatement; punitive damages; reasonable costs and attorneys' fees; and all other relief that the Court or the Jury determines to be just and proper.

## COUNT III
## UNLAWFUL RETALIATION UNDER TITLE VII

38. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 33 as if fully stated herein.

39. The actions of Defendant as detailed above are a violation of Title VII in that Defendant retaliated against Plaintiff because of her above detailed protected activity.

WHEREFORE, Plaintiff prays that judgment be entered in Plaintiff's favor and against Defendant and that the Court award: back pay; front pay; compensatory damages; pre and post judgment interest; reinstatement; punitive damages; reasonable costs and attorneys' fees; and all other relief that the Court or the Jury determines to be just and proper.

## COUNT IV
## UNLAWFUL RETALIATION UNDER THE FCRA

40. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 33 as if fully stated herein.

41. The actions of Defendant as detailed above are a violation of the FCRA in that Defendant retaliated against Plaintiff because of her above detailed protected activity.

WHEREFORE, Plaintiff prays that judgment be entered in Plaintiff's favor and against Defendant and that the Court award: back pay; front pay; compensatory damages; pre and post judgment interest; reinstatement; punitive damages; reasonable costs and attorneys' fees; and all other relief that the Court or the Jury determines to be just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff requests trial by jury on all issues so triable.

Respectfully submitted,

/s/ Ryan D. Barack
Ryan D. Barack
Florida Bar No. 0148430
rbarack@employeerights.com
Jackie@employeerights.com
Michelle Erin Nadeau
Florida Bar No. 0060396
mnadeau@employeerights.com
Jackie@employeerights.com
Kwall Barack Nadeau PLLC
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947

(727) 447-3158 Fax
Attorneys for Plaintiff