UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIFFANI BRAZELL,

      Plaintiff,

v.                                         Case No. 8:20-cv-485-SCB-AEP

HILLSBOROUGH COUNTY BOARD
OF COUNTY COMMISSIONERS,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion in Limine (Doc. No. 31) to the extent that the Court deferred ruling on the comparator issue. Plaintiff opposes the motion. (Doc. No. 34). Additionally, Plaintiff has filed a motion for leave to submit evidence in connection with her response to Defendant's motion in limine (Doc. No. 36), which Defendant opposes (Doc. No. 47). The Court briefly addressed these motions at the pretrial conference held in this case on April 7, 2021.

## I. Background

Plaintiff Tiffani Brazell worked as a Recreation Leader for Defendant Hillsborough County Board of County Commissioners. During her employment, she was subjected to sexual harassment, and she later expressed her displeasure to Defendant regarding its handling of her sexual harassment complaint.

Thereafter, in November of 2018, Plaintiff was involved in a car accident, she refused to take a breathalyzer test, and she had her license suspended for a year. Plaintiff was able to obtain a Business Purpose Only ("BPO") license, which allowed her to drive to and from work. On August 5, 2019, Erica Herrera and Matthew Stewart from HR told Plaintiff that a BPO license was not sufficient for her job with Defendant. They told Plaintiff that in order to avoid disciplinary action due to her only having a BPO license, she would have to sign a waiver and release of all of her claims (including all claims under Title VII and the Florida Civil Rights Act), along with a resignation letter that would go into effect if she did not get her regular license reinstated by a specific date. Plaintiff refused, and she was terminated on September 20, 2019, with the purported reason being her failure to have a valid driver's license.

Plaintiff contends that she was terminated in retaliation for voicing her displeasure over the results of Defendant's investigation into her sexual harassment complaint. Thus, she asserts retaliation claims under Title VII and the Florida Civil Rights Act.

## II. Motion in Limine and Motion for Leave to Submit Additional Evidence

Defendant argues that Plaintiff should be precluded from offering comparator evidence at trial; specifically, that other employees in her position had BPO licenses but were not required to sign a waiver and release in order to keep

their jobs. Plaintiff responds that such evidence is relevant, and she asks the Court for leave to submit additional evidence on this issue for the Court's consideration.

The additional evidence consists of a memo prepared by Herrera on April 29, 2019, in which Herrera notes that two other Recreation Leaders had BPO licenses and were not terminated. (Doc. No. 36-1). Given the similarities in job position and situation (i.e., BPO license) between Plaintiff and the comparators, as well as the fact that Herrera knew that the comparators were not terminated for having a BPO license, Plaintiff contends that this evidence supports her theory that Defendant's purported reason for firing her (*i.e.*, for having a BPO license) was pretextual.

Defendant argues that this evidence is not relevant because the Court previously found that the two other Recreation Leaders were not comparators when ruling on the parties' summary judgment motions. (Doc. No. 29). However, in the Court's summary judgment order, the issue before the Court was whether these two male Recreation Leaders (Gates and Bowers) were proper comparators for Plaintiff's gender discrimination claims. The Court found that they were not proper comparators, stating:

> [T]hese employees are not similarly situated to Plaintiff, because they had suspended licenses in 2005 (Gates) and 2009 (Bowers), before Herrera and Stewart began working for Defendant, and thus, Herrera and Stewart were not the decisionmakers regarding Gates' and Bowers' continued employment with Defendant. The fact that one or more

3

> decisionmakers did not require Gates or Bowers to sign a waiver and release in order to keep their jobs when their licenses were suspended is not evidence that Herrera and Stewart's decision to require Plaintiff to sign a waiver and release in order to keep her job was based on her gender.

(Doc. No. 29, p. 18-19).

Plaintiff now offers this additional evidence and argues that it shows that Herrera knew that two other Recreation Leaders had BPO licenses and were not terminated. Plaintiff contends that this evidence undercuts Defendant's contention that a BPO license was not a valid license, and therefore, having a BPO license was a legitimate basis for termination. The Court agrees that this evidence is relevant to the issue of whether Plaintiff was fired for having a BPO license. Accordingly, the Court grants Plaintiff's motion for leave to submit this additional evidence, and the Court has considered the additional evidence. Because the Court finds that this evidence is relevant to the issue of why Defendant terminated Plaintiff's employment, the Court denies Defendant's motion in limine on this issue.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Plaintiff's motion for leave to file evidence in connection with her response to Defendant's motion in limine (Doc. No. 36) is **GRANTED**, and the

Court has considered the proffered document and metadata (Doc. No. 36-1) in connection with her response to Defendant's motion in limine.

(2) Defendant's Motion in Limine (Doc. No. 31) is **DENIED** to the extent that it seeks to exclude evidence of comparators.

DONE AND ORDERED at Tampa, Florida, this 15th day of April, 2021.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record